James COLEMAN, Plaintiff,

v.

SEARS, ROEBUCK & CO., and Sears Carpet and Upholstery Care, Inc., Defendants.

No. Civ.A. 01–87J.

United States District Court, W.D. Pennsylvania.

Dec. 19, 2003.

---

Alexander H. Lindsay, Jr., Lindsay, Jackson & Martin, Butler, PA, Angelo A. Papa, New Castle, PA, for Plaintiff.

Mike Adams, William J. Moorhead, Jr., Cipriani & Werner, Pittsburgh, PA, Fredric A. Cohen, John Chen, Frederic A. Cohen, Catherine M. Burkhardt, Piper Rudnick, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

GIBSON, District Judge.

This case comes before the Court for consideration of Defendants' Motion for Sanctions and to Disqualify Plaintiff's Attorneys (Document No. 55). Upon consideration of Defendant's Motion for Sanctions and to Disqualify Plaintiff's Attorneys and Plaintiff's Response to Motion for Sanctions and to Disqualify Plaintiff's Attorneys (Document No. 58), the Court, for the following reasons, denies in part and grants in part the motion filed by Defendants.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A discovery request was made by Plaintiff asking Defendants to provide the names and addresses of all persons who had entered into any contracts with respect to providing carpet cleaning services under the name of "Sears" from 1995 to the present, along with the dates and forms of the agreements in question. (Document No. 37). The Court subsequently ordered Defendants to provide Plaintiff with the discovery request. (Docu-

ment No. 43). Thereafter, Defendants sought a protective order from the Court with respect to the information received by Plaintiff in the discovery request. (Document No. 45). This Court entered a protective order with respect to confidential information provided by Defendants to Plaintiff. (Document No. 46).

Plaintiff's original discovery request opined that the information sought was necessary for Plaintiff to establish whether Defendants were engaged in a fraudulent "course of conduct" wherein Defendants made statements and/or promises to other third-party vendors, similar to those statements made to Plaintiff, in order to induce those vendors to enter into agreements similar to the one entered into by Plaintiff (Document No. 37). Consequently, once Plaintiff received the names and addresses of those with whom the Defendants had entered into carpet service agreements, Plaintiff's counsel "sent inquires to these individuals, asking them to relate voluntarily any difficulties with [Defendant] which they may have had, akin to the difficulties encountered by [Plaintiff]." (Document No. 58).

In response to Plaintiff's inquiries, Defendants have filed a motion for sanctions against Plaintiff pursuant to Fed.R.Civ.P. 37. Defendants allege that Plaintiff's counsel sent "a misleading letter and inflammatory questionnaire to franchisees, former licensees and former service associates of Sears" (Document No. 55) in direct violation of a protective order entered by this Court. (Document No. 46). Specifically, Defendants argue that Plaintiff's letter mischaracterizes the civil action between Plaintiff and Defendants, seeks information irrelevant to Plaintiff's claims, is directed to franchisees not similarly situated to Plaintiff, and causes injury to Defendants in their relationship with current franchisees and former contract partners. (Document No. 55).

## II. DISCUSSION

■ Federal Rule of Civil Procedure 26 provides the general framework for determining the scope of allowable discovery for cases in federal courts. It provides in relevant part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Therefore, as an initial matter, all relevant material is discoverable unless an applicable evidentiary privilege is asserted.

■ Federal judges also have the discretion to issue protective orders that impose restrictions on the extent of discovery under Fed.R.Civ.P. 26(c). Fed.R.Civ.P. 26(c) permits such restrictions where necessary "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." The court is authorized by this subsection to set limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests that might be harmed by the release of the information. If a party believes that the limitations set by the court have been violated, then the party may petition the court to invoke sanctions on the violating party.

■ The court has considerable discretion when imposing sanctions under Fed.R.Civ.P. 37. *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

Rule 37(b)(2) provides in part:

[I]f a party fails to obey an order entered under Rule 26(f),[1] the court in which the

---

1. Fed.R.Civ.P. 26(f)(4) provides:

**Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to

make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).
Fed.R.Civ.P. 26(c) states the following:

**Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant

action is pending may make such orders in regard to the failure as are just, and among others the following:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination; . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2).

 As case law demonstrates, before the court imposes sanctions under Rule 37 it must consider and balance the (1) willfulness and bad faith of the disobeying party; (2) prejudice to the moving party; and (3) effectiveness of lesser sanctions. *Estate of Spear*

v. *IRS*, 41 F.3d 103, 111 (3d Cir.1994). The court applies these factors in light of information provided to the court by both plaintiffs and defendants.

In the case *sub judice*, Defendants object to Plaintiff's counsel's conduct on six grounds: (A) the letter mischaracterizes the action; (B) the letter seeks information with no relevance to Plaintiff's claims; (C) the letter was directed to franchisees who are not similarly situated to Plaintiff; (D) Plaintiff's counsel's conduct violated the protective order; (E) Plaintiff's counsel's conduct is improper under established case law; and (F) Defendants have been and will continue to be injured by Plaintiff's counsel's actions. (Document No. 55). Defendants assert that Plaintiff's counsel's conduct was improper because Plaintiff's counsel's "use of mass mailing to solicit information concerning alleged 'promises' made to others is wholly improper in the context of [Plaintiff's] individual litigation." (Document No. 55). See *Jackson v. Motel 6 Multipurpose, Inc.* 130 F.3d 999 (11th Cir.1997).[2] Also, Defendants claim that Plaintiff's counsel's actions have caused widespread injury since Defendants have no way of knowing how many of its franchisees, former licensees and service associates received the letter. (Document No. 55).

has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . .

2. In *Jackson*, the 11th Circuit held that the District Court's decision to permit plaintiffs to distribute mass mailings to Motel 6 employees soliciting information regarding the plaintiffs' allegations of discrimination at Motel 6 motels was an abuse of discretion. *Id.* at 1004. Specifically, the court determined the following:

The communications [with potential class members] was entered months prior to any decision regarding whether either of the two proposed classes would in fact be certified. While we cannot say that orders authorizing communication with potential class members may never precede class certification, district courts must strive to avoid authorizing injurious class communications that might later

prove unnecessary. An order authorizing class communications prior to class certification is likely to be an abuse of discretion when (1) the communication authorized by the order is widespread and clearly injurious and (2) a certification decision is not imminent or it is unlikely that a class will in fact be certified. In such circumstances, the danger of abuse that always attends class communications-the possibility that plaintiffs might use widespread publication of their claims, disguised as class communications, to coerce defendants into settlement-is not outweighed by any need for immediate communications.

*Id.* at 1004.

Defendants' position is that the case *sub judice* is not a class action, therefore, Plaintiff's counsel's attempts to solicit other potential plaintiffs is in direct violation of case law. This Court notes that at no time has this District Court authorized mass communications by Plaintiff's counsel in the case *sub judice*, and the 11th Circuit's concerns addressed in *Jackson* with respect to alleviating local rules in class action litigation were articulated with an eye toward district court discretion and not directed toward the willfulness and bad faith of a disobeying party.

Plaintiff's counsel counters Defendants' objections by asserting that the only confidential documents in the possession of Plaintiff's counsel is a list of identities of persons with whom Defendants have had, or continue to have, contractual arrangements to provide carpet cleaning services on behalf of Defendants. (Document No. 58). This confidential information provided to Plaintiff's counsel has not been disclosed to any outside person or organization pursuant to the Protective Order entered by the court.[3] (Document No. 46). Furthermore, Plaintiff's counsel propounds that the inquiries contained in the letters were relevant since "this case involved the fraudulent misrepresentation by [Defendants] that no franchise agreements were ever being contemplated ..." (Document No. 58). In fact, Plaintiff asserts, the Court's Order on July 3, 2003 expressly held that "Plaintiff's interrogatories are sufficiently related to its fraud claim to be relevant for purposes of discovery". (Document No. 43).

In light of the information provided to the Court by Defendants and Plaintiff, the Court determines that Plaintiff's counsel's conduct was not willful or in bad faith so as to warrant the disqualification of Plaintiff's counsel. The proffered explanation by Plaintiff's counsel removes Plaintiff's conduct from the category of bad faith in that counsel believed that a course of conduct could be established in order to further his claim of fraudulent misrepresentation. Plaintiff's counsel's inquiries were mailed in a good faith effort to gather relevant information for the purposes of preparation for trial of this civil action.[4] For the same reasons related above, the Court will decline to impose sanctions in the form of attorneys fees incurred to prepare for Defendants' Motion for Sanctions and to Disqualify Plaintiff's Attorneys.

The Court does determine that Defendants' argument is meritorious in that the inquiries were directed to franchisees who were not similarly situated to Plaintiff in that the franchisees had never been licensees, and therefore, it cannot be alleged that Defendants made misrepresentations to those persons about future franchisee agreements. The Court fails to see how any information generated from these persons could advance Plaintiff's claim in preparation for trial. Therefore, Court is prepared to sanction Plaintiff's counsel as provided in the following Order.

## ORDER

**AND NOW**, this _____ day of December, 2003, upon consideration of Defendants' Motion for Sanctions and to Disqualify Plaintiff's Attorneys pursuant to Federal Rule of Civil Procedure 37, and Plaintiff's Response to Defendants' Motion for Sanctions and to Disqualify Plaintiff's Attorneys thereto, **IT IS HEREBY ORDERED** that the Motion is GRANTED IN PART and DENIED IN PART, as follows:

1. The Motion to Disqualify Plaintiff's Attorneys is DENIED.

2. An award of counsel fees and costs is DENIED.

3. Plaintiff's counsel is enjoined from further contact or communication with any of the franchisees, former licensees, former service associates, person and businesses identified by Defendants in any documents or materials produced subject to the September 12, 2003 Protective Order.

4. Plaintiff's counsel shall bear the cost of returning to sender all written responses, opened and unopened, from

**3.** The fourth paragraph of the protective order provides:

> No Confidential Information (regardless of how it is communicated) including, but not limited to, all documents, testimony (deposition or otherwise), or other material that refers, reflects or otherwise discusses Confidential Information, shall be used, directly or indirectly, by any person, including experts, for any business, commercial or competitive purpose or for any purpose whatso-

ever other than solely for the preparation and trial of this action.
(Document No. 46).

**4.** Plaintiff's counsel candidly represented to the Court during a status conference held on December 10, 2003 that he had no interest in generating a class action suit against Defendant, nor did he wish to represent any future plaintiffs that may come forward with similar complaints.

mailed inquiries sent by Plaintiff's counsel, without explanatory comment.